In the Matter of DOROTHY GRAHAM, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 11, 1991

### APPEARANCES OF COUNSEL

*Christopher D. Kerr* of counsel *(Hal R. Leiberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Dorothy Graham was admitted to the practice of law in New York by the First Judicial Department on March 10, 1971, and at all relevant times has not been

engaged in the practice of law in the State of New York. Respondent was also admitted to the practice of law in the State of Tennessee, maintaining an office at 1470 Monroe Avenue, Memphis, Tennessee 38104.

By order of the Supreme Court of Tennessee, dated September 29, 1989, respondent was temporarily suspended from the practice of law in that State pending resolution of charges brought against her by the Tennessee disciplinary authorities that she had misappropriated client funds and posed a substantial threat of irreparable harm to the public. Upon respondent's motion, this order was dissolved by order of the same court, dated October 18, 1989, and superseded by one placing her "in a disability inactive status based upon severe physical and mental problems exacerbated by the use of cocaine", and ordering her "not to again engage in the practice of law until all disciplinary charges against her have been resolved and until such time as she is reinstated to the practice of law by the Supreme Court."

By petition served by mail on November 13, 1990, petitioner Departmental Disciplinary Committee moves for an order pursuant to 22 NYCRR 603.3 "suspending respondent from the practice of law in New York immediately and for an indefinite period and until the further order of this Court". Therein, petitioner states that its counsel spoke to respondent's Tennessee counsel on June 29 and July 17, 1990; that in those conversations respondent's counsel indicated that respondent would not oppose an application by petitioner seeking her suspension in New York on terms "co-extensive with the one already in effect in Tennessee"; and that petitioner's letter to respondent's counsel confirming this agreement resulted in no further correspondence. Respondent submits no opposition to the proceeding.

Accordingly, the petition is granted, and, pursuant to 22 NYCRR 603.3, respondent is immediately suspended from the practice of law in the State of New York pending further order of this court.

KUPFERMAN, J. P., ROSS, ROSENBERGER, ASCH and WALLACH, JJ., concur.

Petition granted, and respondent suspended, effective April 11, 1991, for an indefinite period, and until the further order of this court.